Tucker, Judge.
William Dandridge, by his will dated September 1st, 1802, devised as follows: “ First, I do in consideration and grateful acknowledgment of the affection I bear to my beloved wife; of the great attention and constant aid she has always afforded to me in all my sicknesses and distresses, together with the portion I received by her, leave her the full and free use and disposal of the profits of all my estate both real and personal (except monies due to me, and of which I leave to her one half the interest accruing thereon) during her natural life, or widowhood: Secondly, for the same good consideration, I leave her vested with full power and authority to dispose of all my estate both real and personal of every kind, in such manner as she may think proper, so that the best price that can be got may be had for it, on short or long credit, and so that the principal and interest accruing thereon, to be regularly and annually or quarterly paid, be duly secured by both real and personal security; — but in case my said dear and well beloved wife should marry again, I then only leave her the part of the profits aforesaid, or of the interest aforesaid, arising from the sales, as the law may allow. I do also give her all such of my furniture, as she may think proper to *355 take, the carriage and horses, and all my ready money on hand. The other half of my monies, due at the time my decease, I give to be equally divided among all my children, together with the rest and residue of my estate, which may remain, after the purposes of this my will is answered. I, also, in case my said dear wife should not sell, or dispose of my estate, during her life or widowhood, according to the power above given her, do hereby fully invest and authorize my good friends and executors, hereafter named, to dispose of it in like manner, for the equal benefit of all my children.”
Mrs. Dandridge having married again, and brought a bill for her dower, the chancellor decreed in her favour, except, as to some money laid out in the building of a house, in which there seems to have been some mistake.
This is a question of intention entirely; and, taking the whole will together, I understand the testator’s meaning to be, that, in case bis wife should marry again, he leaves her that portion of bis estate, and the same interest therein, as she would have been entitled to by law, if he had died intestate ; over and above which, he meant to give her her choice of a reasonable proportion of his furniture (evinced by the words “ as she may think proper to take”), his ordinary carriage and the horses belonging to it, and all the ready money in his house. I am of opinion, therefore, that the decree ought to be affirmed, except as to the mistake in not allowing her the money laid out in building the house.
Roane, Judge.
The testator, by the first clause of his will, meant, that his wife should have the profits of all his lands, slaves and personal estate (except the money due, of which she was only to have half the interest) during life, or widowhood. He does not lose sight of, or change this intention, when, after providing that all his estate might be sold on credit, and contemplating the event of his wife’s marriage, he uses the terms “ that part of the profits aforesaid, or of the interest aforesaid, arising from the sales, as the law may allow her.”
*356 The interest, here intended, is not only expressly limited to that produced by the sales of property, but the term “interest,” was used for greater caution, lest the term “ profits,” might not be adjudged to comprehend it. No other reason than this, could have existed with the testator for this explanation, or addition ; but that reason equally applied to the other interest (i. e. on the money due); and the testator not meaning to grant that interest by the last clause, and fearing that, the terms “ interest aforesaid,” standing singly, might have had that effect, subjoins the subsequent words, “ arising from the sales,” to exclude the interest “ on the money due,” decisively, and clearly.
Those, who argue that the term profits is alone competent to carry that interest, will also admit its competency to carry the interest produced by the sales; but the testator was of another opinion, and therefore used other terms to carry the latter interest, and by tying them up particularly to that interest, shews manifestly his intention to be, to exclude the interest on the money due.
If by the term, “profits,” in the first part of the will, the testator meant the thing itself during widowhood, or life, he meant the same, by it, when, in the last part of the will, he referred the disposition to the law. With respect to the personal estate, indeed (slaves excepted), the law gives it to the wife forever; whereas, the testator only contemplated a life interest by the former part of his will; but, having ascertained the testator’s meaning to relate to the thing itself, in both the aforesaid parts of his will, he may well be construed to refer the duration of the interest therein, as well as the quantum thereof, to the determination of the law.
In coming into this construction, we shall not, I believe, thwart the intention of the testator, whereas by rejecting it, we probably disappoint that intention altogether; as no law is known which will make any other disposition.
My opinion therefore corresponds with the second part of Mr. Call’s statement, only awarding to the appellee one third of the furniture, as a just proportion.
*357 Fleming, Judge.
The testator appears to me to have intended, that his widow should, on her marriage, be entitled only to dower in the real estate and slaves, or, if sold, to a third of the proceeds of the sales during the term of her natural life; to a third part of the other personal estate, excluding the debts due at the testator’s death; to all the ready money on hand at the time he died; to the carriage, and horses by which it was usually drawn ; and to o"ne third part (such as she might choose) of the personal estate, in absolute property.
Carrington, Judge.
The widow, on her marriage, was entitled to one third of the profits of the lands and slaves, or, if sold, of the interest arising from the sales during the term of her natural life only: And to the carriage and horses; to the cash on hand at the testator’s death; to a third, such as she might choose, of the furniture; and to a third of the other personal property (except the outstanding debts and the interest on them) in absolute property.